THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NIAGARA FALLS HYDRAULIC POWER AND MANUFACTURING COMPANY, Appellant, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Respondent.

Tax — certiorari to review assessment — relator must show affirmatively that assessment is excessive.

In certiorari proceedings to review taxes it is incumbent upon the relator to show affirmatively that the assessment imposed is excessive, and this is true although the trial court erred in considering certain property an element of a special franchise where it appears that the valuation of the franchise as a whole was not excessive.

Reported below, 140 App. Div. 881.

(Argued May 29, 1911; decided June 16, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 12, 1910, which affirmed an order of Special Term

1911.] People ex rel. N. F., etc., Co. *v.* Tax Comrs. 427

N. Y. Rep.]   Opinion of the Court, per Cullen, Ch. J.

dismissing a writ of certiorari to review an assessment of relator's special franchise.

The facts, so far as material, are stated in the opinion.

*John L. Romer* for appellant. The trial court erred in finding that the value of relator's right to take water in the canal from Niagara river was $23,453,231, and that the proportionate part of said water right pertaining to said street crossings was $704,312. (*Wright* v. *Delafield,* 25 N. Y. 266; *People ex rel. K. R. E. Co.* v. *O'Donnel,* 198 N. Y. 48; *W. M. V. Co.* v. *Brady,* 181 N. Y. 145.) The right to draw water from Niagara river is not taxable by the state board of tax commissioners. (*People ex rel. N. F. H. P. & M. Co.* v. *Smith,* 70 App. Div. 543.)

*Thomas Carmody, Attorney-General* (*W. H. Cuddeback* of counsel), for respondent. The relator failed entirely to make out a case entitling it to any relief. (*People ex rel. Champlain* v. *Gray,* 185 N. Y. 196; *People ex rel. Herman* v. *Kaufman,* 121 App. Div. 599; *People ex rel. J. Water Works* v. *Tax Comrs.,* 196 N. Y. 39; *People ex rel. E. G. L. Co.* v. *Barker,* 66 Hun, 21; 137 N. Y. 544; *People ex rel. Eden Musee* v. *Feitner,* 60 App. Div. 282.) There was no error or defect in the principle adopted by the court in determining the value of the property assessed, *i. e.,* in apportioning the value of the plant in gross among its several component parts. (*State R. R. Tax Cases,* 92 U. S. 575; *W. U. Tel. Co.* v. *Taggart,* 163 U. S. 1; *Pullman P. Car Co.* v. *Penna.,* 141 U. S. 18; *Adams Ex. Co.* v. *Ohio St. Auditors,* 165 U. S. 194; *People ex rel.* v. *Barker,* 48 N. Y. 70; *People ex rel.* v. *Hicks,* 40 Hun, 598; 105 N. Y. 198; *People* v. *D., L. & W. R. R. Co.,* 152 N. Y. 490.)

Cullen, Ch. J. The certiorari in this case was issued to review the determination of the respondent, the state board of tax commissioners, in the assessment of the special franchises of the relator in the city of Niagara Falls. We are of opinion that the order appealed from should be

affirmed. One of the findings made by the trial court is:
"X. The valuation of the relator's special franchise fixed
and determined by the State Board of Tax Commissioners
for the year 1908 at the sum of $185,400 was less than the
actual value of said franchise." This finding of fact hav-
ing been unanimously affirmed by the Appellate Division
is conclusive on us, unless it appears from the other find-
ings that in reaching the finding quoted the trial court
adopted a principle prejudicial to the relator. The relator
has constructed and maintained a hydraulic canal on its
own property from a point above the falls to a point below
the falls. The value of this water power the court found
to be in excess of twenty-three millions of dollars, and
treating the power as being appurtenant to the canal it
held that the proportionate part of that value appurtenant
to so much of the canal as was included in the street
crossings exceeded seven hundred thousand dollars. The
value of the tangible and intangible property, as fixed by
the respondent, was $185,000. If the court was right in
regarding the proportionate part of the water power as
part of the tangible property in the streets the assess-
ment fixed by the respondent was far too low. We
think, however, that the trial court erred in the view
entertained by it. The water power was neither a part
of the tangible property within the lines of the street, to
wit, the canal, nor was it any part of the special fran-
chise. Nevertheless, we think the relator is not entitled to
have the orders below reversed. It was incumbent on the
relator to affirmatively show that the assessment imposed
by the respondent was excessive (*People ex rel.
Jamaica Water Supply Co.* v. *State Board of Tax Com-
missioners*, 196 N. Y. 39), and though the trial court
erred in considering the water power as an element of the
special franchise, we think the relator is equally in error
in the claim that the facts it established, and which were
found by the trial court, entitled it to a reduction of
the assessment. In consideration of the privilege given

to construct and subsequently to widen the canal across streets in the village, now city, of Niagara Falls, the relator agreed to construct and forever maintain bridges across the canal at the intersection of several streets or highways. The trial court found that the value of the canal itself or the land on which it was built was $98,986.77, and the value of certain bridges which the relator was bound to construct and maintain was $50,163.57, making the total value of the tangible property in the street $149,150.34, or about $36,000 less than the assessed value. The relator's first claim is that these bridges, though constructed by the relator, were not its property but the property of the public, and, therefore, their value should have been deducted from the assessment. It is not at all necessary to determine in whom the title to the bridges vested. What the relator was to be assessed for was not only the value of the tangible property belonging to it but the value of the privilege of crossing and severing the streets of the city.

Assuming for the discussion that the bridges became the property of the municipality, the only effect of that assumption is to increase the value of the special franchise or right to cross the streets. For this privilege the relator agreed to pay the cost not only of the construction of the bridges to be built by it but also their subsequent maintenance, and we may assume that the privilege was worth what the relator agreed to pay and did pay for it. The only finding the relator has is of the present value of the bridges, which may have deteriorated since their erection, and there is no finding as to the cost of maintenance. We think, therefore, that despite of the erroneous view of the trial court to which we have alluded, the relator did not show itself entitled to relief.

The order appealed from should be affirmed, with costs.

Gray, Haight, Werner, Willard Bartlett, Chase and Collin, JJ., concur.

Order affirmed.